LINTON v. CROSBY.

1. **Exemption:** HEAD OF FAMILY: HUSBAND AND WIFE. Where a husband and wife, having no children, lived separate and apart for the period of seven years prior to the husband's death, he boarding with others and neither contributing nor being asked to contribute to his wife's support, it was held that he was not at the time of his death the head of a family, within the meaning of the statute exempting personal property from execution.

*Appeal from Clayton Circuit Court.*

THURSDAY, JUNE 16.

THE defendant is the executor of John Linton and the plaintiff is the widow of the latter. They were married in

1861, and lived and cohabited together as man and wife in her house at Garnavillo until the year 1868, when they separated, and have since then lived apart. There was no issue, and Dr. Linton died in 1878. After the separation the plaintiff sup ported herself from her separate property, and Dr. Linton lodged in his office and was a boarder in the family of others Previous to his death Dr. Linton disposed of all his property by will, to persons other than the plaintiff.

The latter, claiming Dr. Linton at his death was the head of a family, and the owner of certain personal property which was exempt from execution, presented her petition to the Circuit Court asking the executor be directed to deliver to her said property, or the proceeds thereof, on the ground the title to the same upon the death of Dr. Linton vested in her. The relief asked was denied and the plaintiff appeals.

*D. S. Wilson* and *Murdock & Larkin*, for appellants.

*L. O. Hatch* and *Jas. O. Crosby*, for appellee.

SEEVERS, J. For the purposes of this case it must be conceded if Dr. Linton at the time he died was the head of a

1. EXEMP-
tion: head of
family: hus-
band and
wife.

family the property in controversy, or some of it, was exempt from execution during his lifetime. It is provided by statute: " If the debtor is a resident of this State and is the head of a family " certain personal property named in the statute shall be exempt from execution. Rev., § 3305, Code, § 3072.

" Where the deceased leaves a widow all personal property which, in his hands as the head of the family, would be exempt from execution * * * shall be set apart as her property in her own right and be exempt as in the hands of the decedent." Code, § 2371.

Counsel for appellant has called our attention to several cases determined by this court relating to the homestead and its exemption; the argument being as we understand that under Rev., § 2277, it was the homestead of " every head of

a family" that was exempted from judicial sale, and, therefore, as the same language is used in Code, § 3072, the definition or meaning of " the head of the family " as applied to homestead exemptions should be followed in construing the section of the Code under consideration. We are not prepared to assent to this proposition. Both the Rev., § 2278, and Code, § 1989, provide that a " widow or widower, though without children, shall be deemed the head of a family, while continuing ·to occupy the house used as such (home) at the time of the death of the husband or wife." This statute, creating, as it does, special heads of families, must necessarily have an important bearing in construing the homestead exemption. That whatever construction may have been given to the statute exempting the homestead from judicial sale is not applicable or should not control the statute exempting personal property is well illustrated by *Van Doran v. Marden*, 48 Iowa, 186. In that case certain personal property was exempt from execution in the hands of the plaintiff's first husband and the title thereto vested in the plaintiff as his widow, but it was held not to be exempt after her second marriage, on the ground she was not the head of a family. Now if she had continued to occupy the homestead after the death of her first husband it could not have been sold at judicial sale because of her second marriage. Rev., § 2295, Code, 2007.

We have been called upon several times to construe the statute under consideration. See *Whalen v. Cadman*, 11 Iowa, 226; *Ellsworth v. Ellsworth*, 33 Id., 164; *Scholes v. Murray Iron Works Co.*, 44 Id., 190; *Tyson v. Reynolds*, 52 Id., 431; and *Arnold v. Waltz*, 53 Id., 706. But little aid, however, can be derived from these cases, because the facts upon which they are based are materially different from those in the case at bar.

Counsel for appellant seem to rely largely on *Ellsworth v. Ellsworth*, just cited. The facts in that case were the husband and wife were living together at the death of the former

and it was conceded the property in controversy could not " be deemed assets and administered upon as such " unless the rights of the " widow had been abandoned or waived by her conduct or declarations " since her husband's death. The point in *Scholes v. The Murray Iron Works Co.* was as to whether Howard was a resident of the State. There was no controversy as to whether he was a head of a family.

The question in the case before us may be thus stated: When a husband and wife have lived separate and apart for seven years preceding his death, and he neither contributed nor was asked to contribute to her support, and during said time he lodged in his office and boarded in the family of others, was he at the time he died the head of a family within the meaning and intent of the statute ? A family is " the collective body of persons who live in a house under one head or manager." Beck, C. J., in *Tyson v. Reynolds.* A person may be the head of a family although he has never been married. Wright, J., in *Whalen v. Cadman*, before cited. The converse of this proposition may also, we think, be true. In the absence of a statute so providing it is difficult to see why a person boarding in the family of others and lodging in his office for seven years can at the expiration of that time be regarded as a family, or the head of one. It is true a person may be a boarder and yet the head of a family. But in order to constitute him such the boarding must be regarded as of a temporary character. It may be if Dr. Linton had contributed to the support of his wife, he, under the statute, was the head of a family. The mere fact he was liable for her support should not, we think, make him the head of a family. No family relation as generally understood existed between himself and wife. The policy and intent of the statute is to exempt certain property because the support of a family, great or small, is cast upon the head thereof. Such family must have an actual existence, as distinguished from one that exists theoretically only.

It may also be if the separation was of a temporary char-

acter, or there was any evidence of an intent to resume the marital relation, such fact would form an element entitled to consideration. Nothing of this kind appears. On the contrary, but one conclusion can be fairly drawn, and that is the separation was final and so intended to be.

AFFIRMED.