CAROLINE O. EMERSON v. ELIZABETH B. LEONARD, Appellant.

**Exceptions.** A widow who lives alone and has no family is not "the head of a family" within the meaning of statutes allowing such head to hold certain *personal* property exempt. See note to *Stultz v. Sale* (Ky.) 13 L. R. A. 743.

*Appeal from Keokuk Superior Court.*—HON. HENRY BANK, JR., Judge.

WEDNESDAY, DECEMBER 11, 1895.

Action to recover rent due. A landlord's attachment was issued and levied upon certain personal property owned by the defendant. She appeared in the action, and claimed the property as exempt from execution. There was a trial by the court, and a judgment in favor of the plaintiff for the amount of her claim, and establishing a lien therefor on the property upon which the attachment was levied. The defendant appeals.— *Affirmed.*

*W. B. Collins* for appellant.

*Hughes & Roberts* for appellee.

Robinson, J.—The question to be determined is whether the defendant was, at the time the property was seized, the head of a family, within the meaning of section 3072 of the Code. That permits a debtor who "is a resident of this state, and is the head of a family," to hold exempt from execution certain property, and it is admitted that if the defendant was the

head of a family the property seized was exempt from attachment, and the judgment of the superior court was erroneous. The defendant was married in the year 1873, and has resided in the city of Keokuk continuously since that time, excepting a short time about the year 1878. Her husband died in January, 1882. He had been an invalid several years, unable to work much, and, the last year of his life, was not able to leave his home. He and his wife kept house and she took care of the family, and provided for it after his death. She has had children, but they died during the lifetime of her husband. The father of her husband was living with them at the time of his son's death, and for about a year thereafter, but did not pay for his board, nor furnish supplies for the house. An aunt of the defendant lived with her prior to her marriage, and also while her husband was living, and until a year and a half before the commencement of this action, sometimes being absent for a year. When the aunt was not absent she worked about the house, and was paid for her services, but did not pay anything for board, nor contribute to the household expenses. The defendant always kept a servant until June, 1894, but since that time she has lived alone. She has supported herself, and others, when they were dependent upon her, by dressmaking. There cannot be a head of a family when there is no family. It is not material that there was once a family, if it has ceased to exist. The exemption is to the resident of this state who is—not to one who has been, but is not—the head of a family. The statute refers to a present, not to a past, condition. It is true that section 1989 of the Code provides that a widow or widower, though without children, shall be deemed a family while continuing to occupy the house used as a homestead at the time of the death of the husband or wife. But that provision has no application to exemption of personal property. *Linton v.*

*Crosby*, 56 Iowa, 387 (9 N. W. Rep. 311).   The word "family," in section 3072 of the Code, is used in the ordinary sense, and necessarily includes more than one person.   A family is defined to be "the collective body of persons who live in one house, and under one head or manager."  Webster's Int. Dict.  This definition was approved in *Tyson v. Reynolds*, 52 Iowa, 431 (3 N. W. Rep. 469), as applied to the word "family" in the section under consideration.   In *Linton v. Crosby*, *supra*, it was decided that the husband, who had lived apart from his wife for several years, and had not contributed to her support, there being no children, was not the head of a family.  It was said to be the policy and intent of the statute "to exempt certain property because the support of a family, great or small, is cast upon the head thereof.  Such family must have an actual existence as distinguished from one that exists theoretically only."   It may be that after the death of her husband the defendant became for the time the head of a family.  *Tyson v. Reynolds*, *supra*.   But, if that be true, it is clear that since the first of June, 1894,—nearly six months before this action was commenced,—she has not had a household, and has not been the head of a family.  During that time she had no family to support, and was not within the letter or policy of the statute, and was not entitled to hold the property in question as exempt.  The judgment of the superior court was required by the law, and is *affirmed*.