W. O. CLEMANS *et al.,* Appellants, v. ALICE R. PENFIELD *et al.*

Divorced Woman: HOMESTEAD RIGHTS. A woman without children, to whom, on the granting of a divorce to her, the homestead of herself and divorced husband was deeded, pursuant to an agreement of the parties that if the decree was granted she should have the property for alimony, has not, though occupying it, any homestead rights therein, prior to her subsequent marriage; Code 1873, section 1989, providing that a *widow* or *widower,* though without children, shall be deemed a family while continuing to occupy the house used as a homestead at the time of the death of the husband or wife.

*Appeal from Linn District Court.*—HON. WILLIAM G. THOMPSON, Judge.

SATURDAY, MAY 19, 1900.

PLAINTIFFS, judgment-creditors of Alice R. Penfield, bring this action in equity to have their said judgments decreed to be a lien upon the premises described, and for special execution. The defendants claim that said property is exempt, as a homestead. The issues will sufficiently appear in the opinion.—*Reversed.*

*Jamison & Smyth* for appellants.

*Giffin & Voris* for appellees.

GIVEN, J.—I. There is no dispute as to the material facts, the substance of which is as follows: Alice R. Penfield was the wife of B. A. Allen, with whom she resided alone on the property in question, as their homestead, they having no children. The defendant Alice brought an action for divorce and alimony against B. A. Allen, and pending the action it was agreed between them that in case a decree of divorce was granted she should have the property in question, in full of alimony; and thereupon Mr. Allen executed a deed for said property to her, dated March 9, 1895, and deposited it with her attorneys in said divorce case (being these plaintiffs), to be delivered to her when the decree of divorce was granted. A decree of divorce was granted March 28, 1895, and, thereupon said deed was delivered to her, and placed of record. She continued to occupy said premises as her own until her marriage with the defendant H. Penfield, which occurred some time after the divorce was granted; and since their marriage, they two have occupied the property as a homestead. On February 9, 1897, A. R. Penfield conveyed said property to her husband, H. Penfield, for the recited consideration of three thousand five hundred dollars;

but he testifies that the real consideration was his agreement to pay an incumbrance of six hundred dollars on the property, and to put it in repair. On June 18, 1897, these plaintiffs recovered a judgment against Alice R. Penfield in the superior court of Cedar Rapids for two hundred dollars, for services as her attorneys in said divorce case; the original notice in said action having been served on the seventeenth day of February, 1897,—two days before the execution of said deed to H. Penfield. On June 17, 1897, M. T. Gleason recovered a judgment in said superior court against B. A. Allen and Alice R. Penfield. for one hundred dollars and costs, on their promissory note, dated February 8, 1890, for borrowed money used to repair said premises. These judgments are unsatisfied, and were both owned by the plaintiffs at the commencement of this action. Neither of these judgments was ever transcripted to the district court, so as to become a lien on real estate.

II. We are in no doubt but that the deed to the defendant H. Penfield was made to him to hinder, delay, and defraud the plaintiffs in the collection of said judgments, and therefore hold it to be void as to them. The remaining contention is whether the defendant Alice R. Penfield is entitled to hold this property exempt as a homestead, as against these judgments. She had a homestead right in the property up to the time the divorce was granted, because it was owned by her husband, and was occupied by them, as a family, as their homestead. By the divorce they became as strangers to each other, as single persons; and the family ceased to exist. Mrs. Penfield, then a single woman, without children, was residing alone on the property from the time the divorce was granted until her remarriage. During that period she was not the head of or a member of a family. There being no children, there was no family. The property lost its homestead character at the time of the divorce, because of the dissolution of the family, and because it was

not thereafter occupied as such until Mrs. Penfield's remarriage. It was as though Mr. and Mrs. Allen had abandoned the homestead. On the marriage of Mr. and Mrs. Penfield, and their occupancy of the property, the homestead character attached, not because of anything that had preceded, but because of their marriage and occupancy. It seems to us quite clear that, during the interim between the granting of the divorce and the marriage of Mr. and Mrs. Penfield, this property was not a homestead, and that the homestead right now existing arose as a new and original right by reason of their marriage and occupancy. The debts for which these judgments were rendered accrued prior to the marriage of Mr. and Mrs. Penfield, and consequently prior to the attaching of the present homestead rights. It follows, therefore, that the property is not exempt as to these debts. Section 1989 of the Code of 1873, under which these transactions were had, provides as follows: "A widow or widower, though without children, shall be deemed a family while continuing to occupy the house used as such at the time of the death of the husband or wife." Several cases are cited, arising under this section; but, as we view them, they are not in point, though, as said in *Woods v. Davis,* 34 Iowa, 264: "Yet they indicate the liberal spirit in which the provisions of the homestead law are to be construed in favor of those for whose benefit they were enacted." In that case the husband and wife were divorced, and custody of their minor children was awarded to the wife, with an order that she maintain them. After the levy of the attachment in that case they were remarried. This court said: "But this decree does not exonerate him from liability to support the child in the event of the inability of the mother to do so. It seems to fully accord with the provisions of the homestead law that the exemption should last so long as his liability for support exists, provided he continues in the actual possession of the property. Besides, the homestead law is intended for the benefit of the children as well as of the parents." The

grounds upon which the right of homestead was sustained are lacking in this case. By the present Code (section 2973) there is added to said section 1989, Code 1873, the following: "And such rights shall continue to the party to whom it is adjudged in the decree of divorce, during continued personal occupancy." Had this statute been in force at the time of the transactions under consideration, there could be no question but that, notwithstanding there were no children, the homestead would have continued to Mrs. Penfield. We think the agreement as to alimony has the same effect as a decree. It is urged that this change shows that such was the legislative intent under the prior statutes, but we think it rather indicates otherwise. If such was regarded as the law prior to the enactment of the present Code, there would have been no reason for the change.

Our conclusions are that, under the law as it stood prior to the present Code, the homestead right held by Mr. and Mrs. Allen was determined by the granting of the divorce, and the right abandoned; that the present right of homestead arose after the accruing of debts for which these judgments were rendered; and that the plaintiffs are entitled to have said judgments enforced as against this property. The decree of the district court is reversed, and the case remanded for decree in harmony with this opinion.—Reversed.