114  511
d127 524
114  511
128  553

M. E. FULLERTON, Appellant, v. ELIZABETH C. SHERRILL.

**Homestead:** PURCHASED BY WIDOW:  *Exemptions.*  Under Code, section 2972, extending the homestead exemption to the family only, and section 2973, provided that a widow, though without children, shall be deemed a family while continuing to occupy the real estate used as a homestead at the death of her husband, a widow who purchased a house after her husband's death, and lived therein with her daughters until they married and moved away, and thereafter continued to live in the house, could not claim the same as exempt after her daughters left.

*Appeal from Linn District Court.*—HON. W. N. TREICHLER, Judge.

TUESDAY, OCTOBER 8, 1901.

JUDGMENT was entered against defendant in justice court August 18, 1891, and a transcript filed with the clerk of the district court the day following. Subsequently plaintiff became owner of this judgment, and on August 7, 1899, caused execution to issue, which was returned *nulla bona.* The object of this action is to establish the judgment as a lien against a house and lot claimed by defendant as a homestead. The petition was dismissed, and plaintiff appeals.— *Reversed.*

*F. L. Anderson* for appellant.

*J. M. Gray* for appellee.

LADD, J.—The defendant purchased the house and lot, valued at about $1,400, in 1889. This was about one year after the death of her first husband, with whom she had previously lived on a farm. She occupied the premises with her two daughters until their marriage in 1891. From that time until March, 1898, she rented all but one room, which she occupied, and boarded with the tenants to whom she rented.

She had borrowed $1,000 in 1893, to secure the payment of which a mortgage was given, and in January, 1898, as further security, she conveyed the premises to the mortgagee. Thereupon they entered into a written agreement, by which the grantee undertook to collect the rents, and apply the same in payment of repairs, taxes, and interest, and any balance remaining, on the principal debt, which she promised to pay in full on or before January 17, 1901, when the property was to be reconveyed. In April, 1899, the debt was discharged, and the premises deeded back to her. From March, 1898, till April, 1899, she retained her room furnished as before, but lived elsewhere. On the latter date she returned and took possession of the house. The claim that she abandoned the homestead, if one she had, is not well founded. There was no sale to Mrs. Gongwer. The conveyance to her was merely as security. Nor is it to be doubted that, although she would have sold, she never gave up the purpose of returning to the premises as her home. See *Myers v. Ford,* 22 Wis. 139. It is conceded that she acquired a homestead right in the premises through occupancy with her daughters. *Arnold v. Wallz,* 53 Iowa, 706. But after their marriage she was left alone. Section 2972 of the Code extends the exemption to the family only, and this has been defined to be "a collective body of persons who live in one house, and under one head or manager." *Menefee v. Chesley,* 98 Iowa, 58. That a lone individual does not come within this definition is apparent. It was so held in *Emerson v. Leonard,* 96 Iowa, 311; *Rock v. Haas,* 110 Ill. 528; and *Keiffer v. Barney,* 31 Ala. 192. Nor do the facts of this case bring defendant within the terms of section 2973 of the Code, providing that "a widow or widower, though without children, shall be deemed a family while continuing to occupy the real estate used as a homestead at the death of the husband or wife," as the premises were not acquired until after the husband's death, and are not shown to have been purchased with

proceeds of the sale of another homestead. Her status as a widow, then, has no bearing on the case. Her situation is precisely like that of any other single person, who, as the head of a family, has acquired a homestead, and thereafter has involuntarily ceased to be a component part of such family. If she had children to support, so do those never married often have persons dependent on them for care and maintenance. If she may continue to enjoy the exemption after the departure of her children, there is no good reason for denying that privilege to any person, though alone and never married, who continues in occupancy of the homestead after abandoned by those dependent on him. The acquisition of a homestead necessarily depends on the existence of a family. Does a continuation of that right depend on the continuation of the family relation? Or, stating the question more precisely, will an unmarried person lose the homestead right, previously acquired, by the departure of those constituting his family, without any other change in his situation? It seems to us the statute quoted, in stating under what circumstances and the particular person who may continue to claim the exemption, excludes all others. Moreover, the primary object of the exemption is the protection of the family, and when that ceases the reason for the exemption ceases with it. The individual is not entitled to the privilege before becoming a part of the family. Why should it be extended to him after he ceases to be such? The denial of it in the one case has precisely the same ground to rest on as in the other. While the family relation existed, the law extended the exemption for its protection. When that ceased, the necessity for its protection ceased with it. "When an individual ceases to have the cares of a family, the law will not protect him as if he had." It will treat him like others, looking not to the past or future, but at his present status. *Revalk v. Kraemer,* 8 Cal. 66 (68 Am. Dec. 304); *Bank v. Cooper,* 56 Cal. 339;

*Johnson v. Little,* 90 Ga. 781 (17 S. E. Rep. 295; *Cooper v. Cooper,* 24 Ohio St. 488; *Galligar v. Payne,* 34 La. Ann. 1057. See *Calhoun v. Williams,* 32 Grat. 18 (34 Am. Rep. 759), and *Wilkinson v. Merrill,* 87 Va. 513 (12 S. E. Rep. 1015, 11 L. R. A. 632). As said in *Hill v. Franklin,* 54 Miss. 632: "The homestead exemption is a privilege, rather than an estate. For the benefit of the family, the law exempts the home of the family from the burden that rests on all other property of being appropriated to the debts of the owner. The immunity depends on two contingencies: First, occupancy as a home; second, that the owner shall have a family. When either ceases, the exemption is at an end. There can be no more reason for holding that a man who has lost his family shall continue to preserve an exempt homestead because he once had a family, than for saying the house which has once been exempt while occupied as a homestead shall continue to be exempt although totally abandoned as a residence. It is as illogical to say that the exemption shall continue after the family has ceased as to say that it can exist before the family comes into existence. It will not be pretended that a man could claim a homestead upon the ground that he intended to have a family. How can it be said with more reason that he is entitled to one because he formerly had a family? The exemption is given to enable the owner to meet and discharge the burden of supporting the family. When the family does not exist there is no burden, and there can be no exemption. The exemption depending on the burden, it must be wholly immaterial whether the latter once existed and has ceased, or whether it never existed at all." True, the statutes are to be liberally construed, and the courts have gone far in equalizing their provisions; even supplying evident omissions. Thus, in *Silloway v. Brown,* 12 Allen, 30, it appeared the statute continued the homstead to the widow and children after the husband's death, but contained no provision for its continuance

in him subsequent to the death of his wife, and the court held the exemption not lost so long as he continued to occupy it as a home. To the same effect, see *Beckmann v. Meyer,* 75 Mo. 333. In *Stults v. Sale,* 92 Ky. 5 (17 S. W. Rep. 148, 13 L. R. A. 743, 36 Am. St. Rep. 575), the statute provided that the homestead belonging to one spouse might be retained as such by the other after the owner's death, but made no mention of the owner's right thereto in event of the death of the spouse not having the title, and it was adjudged that the survivor might enjoy the exemption so long as he continued in occupancy as a home, though the owner of the fee. See, also *Kessler v. Draub,* 51 Tex. 575 (36 Am. Rep. 727); *Kimbrel v. Willis,* 97 Ill. 497; *Webb v. Cowley,* 5 Lea, 722; *Wilkinson v. Merrill,* 87 Va. 513 (12 S. E. Rep. 1015, 11 L. R. A. 632); *Towne v. Rumsey,* 5 Wyo. 11 (35 Pac. Rep. 1025). But, as pointed out, there is no inequality or discrimination in our statutes. In *Stanley v. Snyder,* 43 Ark. 429, it was squarely decided that, though the family is necessary to the acquisition of a homestead, a continuation of the right does not depend on the continuation of the family relation; and this is the principle on which the foregoing decisions rest. But, as therein conceded, "the reason assigned is not very satisfactory, or, at most, is one to be addressed to the political departments of the government; so that the decision seems to savor of what Jeremy Bentham calls 'judge-made law.'" The decisions of Illinois and Tennessee turn somewhat on the wording of the statutes of those states, and of Texas on that of its constitution. The distinction between the two lines of cases is pointed out in *Barney v. Leeds,* 51 N. H. 253, wherein those last mentioned are said to be "predicated upon the idea that the homestead exemption is for the benefit of the debtor as well as the family, and that the California case (and others) above cited went upon the theory that the design of these laws was to protect the family; that protection from dependence and want is the object of all

homestead laws." But under our statute it is "the homestead of every family," not of the debtor alone, nor of the householder, nor the head of the family, that is entitled to the exemption. The family relation is not only essential in the creation of the right, but, under the language of the statute, when fairly construed, the property must be the homestead of the family when the shield of the statute is interposed. The exemption is not an estate, but a mere right or privilege, though of much value (*Meyer v. Meyer,* 23 Iowa, 370; *Butterfield v. Wicks,* 44 Iowa, 310; *Johnson v. Gaylord,* 41 Iowa, 362; *Sayers v. Childers,* 112 Iowa, 667), and wholly dependent upon status, as was expressly decided in *Clemans v. Penfield,* 111 Iowa, 511. These considerations lead to the conclusion that defendant was not within the protection of the homestead statutes.—REVERSED.