MASA, APPELLANT, *v.* REGISTRAR OF CAGUAS, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Refusing to Record a Homestead Deed.

No. 507.—Decided February 9, 1922.

RECORD OF TITLE—HOMESTEAD.—In order that the homestead estate allowed by the Act of March 12, 1903, may be recorded in the registry of property, the deed whereby the same is established must show the family or dependency relationship existing between the householder and the persons residing with him on the property. This is still more essential when the person establishing the homestead estate is an unmarried woman.

ID.—ID.—HEAD OF A FAMILY.—Any person of either sex may be the head of a family and it is not necessary that the person be married. It is sufficient that there be a relationship of dependency upon such person by any of the members of the family.

ID.—ID.—FAMILY.—The mere aggregation of persons in one house is not sufficient to show the existence of a family. A condition of dependency must exist within the law, as between father and minor child, husband and wife, guardian and ward, master and servant, or other relationship. The duty of providing protection is what must be shown.

The facts are stated in the opinion.

*Mr. A. L. López* for the appellant.

The respondent appeared by brief.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

On July 5, 1921, Juana Masa Torres, of age, unmarried, property owner and resident of Aguas Buenas, Porto Rico, appeared before a notary public and executed a deed wherein she stated that she was the owner of a rural property of

nine acres in the ward of Jagüeyes of the municipality of Aguas Buenas, and, to quote from the document, "that the said property is free from encumbrances of any kind; that its value is five hundred dollars, and that the said Juana Masa Torres is occupying the said property as her residence and that of her family, for which reason she has decided to establish and does hereby establish the legal right of homestead under and in accordance with the rights conferred by an act entitled 'An Act to define homestead and to exempt it from forced sale,' approved March 9 [sic], 1903, the said homestead right to be regulated by the provisions of the said act, and it is her desire to have it recorded in the registry of property."

The deed was presented in the registry and the registrar refused to record it "with respect to the character of homestead sought to be given to the property to which the deed refers, because in accordance with the Act defining homestead, approved March 12, 1903, construed in the light of American Law, * * * it is necessary to prove the degree of relationship of the persons who live with Juana Masa Torres, who is unmarried, in order to establish the difference between an imaginary or fictitious family and a real family, as held in the cases of Linton v. Crosby, 56 Ia. 386, and Bosquett v. Hall, 90 Kentucky 566, reported in 13 R. C. L. 544 and 552."

Juana Masa Torres was not satisfied with the registrar's decision and took the present administrative appeal.

In the first place the appellant maintains that the registrar acted without jurisdiction because in accordance with the Act he can only pass upon the legality of the deed and the capacity of the parties as shown by the deed itself, and therefore could not require "proof by evidence of the facts set forth in the deed."

If the words "it is necessary to prove the degree of relationship * * * " used by the registrar in his decision

mean that the registrar expected the presentation of independent evidence on that point, we agree with the appellant; but in our opinion that is not the meaning of the decision. It may be inferred that the registrar maintains that the document or documents presented to him should show the degree of relationship in order that he might determine whether or not the right in question should be recorded. The registrar may require this in accordance with the Act invoked by the appellant. Article 18 of the Mortgage Law.

Therefore, let us see whether or not the wording of the document presented in the registry shows that the homestead was legally set apart in this case.

We quote from Ruling Case Law:

"The word 'homestead' has both a popular and a legal significa-tion. In its popular sense it signifies the place of the home—the residence of the family; it represents the dwelling house in which the family resides, with the usual and customary appurtenances, including the outbuildings of every kind necessary or convenient for family use, and lands used for the purposes thereof. While the term is nearly as old as the English language, its use in a legal sense is quite modern, and is peculiarly American. As used in the various statutes, the word 'homestead' may be defined as meaning not only the property—the real estate—occupied as the home, but also the right to have it exempted from levy and forced sale. In this sense, a homestead is the land not exceeding the prescribed amount, upon which is the dwelling house, or residence, or habitation, or abode of the owner thereof and of his family; and includes the dwelling house as an indispensable part." 13 R. C. L. 540.

There is a law on the matter in force in Porto Rico since 1903. Section 1 thereof, in so far as pertinent, reads as follows:

"That every householder, having a family, shall be entitled to an estate of homestead to the extent and value of five hundred dollars in a farm, plantation or lot of land, and buildings thereon, owned, or lawfully possessed, by lease or otherwise, and occupied by him or her, as a residence   *   *   * ."

What is understood to be a family and what a head of a family within the spirit of the Homestead Act? The work we have heretofore cited sums up the jurisprudence as follows:

"While in its broadest sense the term 'family' includes all the dwellers in a house under the common control of one person, and is in this respect synonymous with household, it has a narrower and more limited signification, and is used to represent the progeny of common ancestors, or dependents in a legal or moral sense and it has frequently been declared that to constitute a family within the meaning of the homestead laws, a mere aggregate of individuals in the same house is not alone sufficient. There must be a state of dependence in law, if not in fact, upon the part of some of those who constitute the family, or some other member of the family whom the law designates as the head thereof, and this dependence may result, as a matter of law, from the relationship existing between the parties, whether they be parent and minor child, husband and wife, guardian and ward, or master and servant or other relation. The duty to support is also made the test." 13 R. C. L. 552.

"When one person controls, supervises, and manages the affairs about a house, such person is in the largest sense the head of the family, and all who reside in the house are members of the family, but in order to constitute one the head of a family within the meaning of a homestead law there must be a state of dependence in law or in fact upon such person on the part of some of those who constitute the family." 13 R. C. L. 556.

"The word 'householder' has been defined to be the head, master, or person who has charge of and provides for a family, and does not apply to the subordinate members or inmates of the household." 13 R. C. L. 559.

"Any individual of either sex may be the head of a family, and it is not necessary that the head of a family should be a married person, provided there is dependence upon such person on the part of some of those constituting the family." 13 R. C. L. 562.

If we now return to the deed we shall see that although it states that the property is occupied by the appellant "as her residence and that of her family," the degree of relationship is not determined, nor is it said that there is any

relationship of dependence between the members of the family and the appellant, which was all the more necessary to state in this case because the appellant is an unmarried woman.

As it does not appear, therefore, that there is a real family within the meaning of the Homestead Act, or that the appellant is the head of it, the registrar was justified in refusing to record the document and his decision must be

*Affirmed.*

Justices Wolf, Aldrey and Hutchison concurred.