MASA, RECURRENTE, *v.* EL REGISTRADOR DE CAGUAS,
RECURRIDO.

RECURSO gubernativo contra nota del Registrador de la Propiedad de Caguas denegatoria de inscripción de una escritura de derecho de *homestead.*

No. 507.—Resuelto en febrero 9, 1922.

*Homestead*—HOGAR SEGURO—INSCRIPCIÓN DEL DERECHO DE *Homestead.*—Para que sea inscribible en el registro de la propiedad el derecho de *homestead* reconocido por la Ley de marzo 12, 1903, deberá aparecer de la escritura en que se constituye, el parentesco o relación de dependencia existenté entre el jefe de familia otorgante y las personas que con él residen en la propiedad de que se trata. Requisito tanto más esencial cuando· el que constituye el derecho es una mujer soltera, como sucede en este caso.

JEFE DE FAMILIA, SEGÚN LA LEY DE *Homestead.*—Cualquier persona de uno u otro sexo puede ser el jefe de una familia y no es necesario que sea casada siendo suficiente que exista relación de dependencia respecto a tal persona por parte de alguno de los que constituyen la familia.

FAMILIA, SEGÚN LA LEY DE *Homestead.*—La mera totalidad de individuos en una misma casa, no es suficiente para que se entienda constituída una familia. Debe existir un estado de dependencia dentro de la ley, como padre e hijo menor, marido y mujer, tutor y pupilo, amo y sirviente, u otra relación. El deber de suministrar protección es punto a dilucidar.

Los hechos están expresados en la opinión.

Abogado de la recurrente: *Sr. A. L. López.*

El registrador recurrido compareció por escrito.

EL JUEZ PRESIDENTE SR. DEL TORO, emitió la opinión del tribunal.

El 5 de julio de 1921 Juana Masa Torres, mayor de edad, soltera, propietaria y vecina de Aguas Buenas, Puerto Rico, compareció ante notario público y otorgó una escritura en la que expuso que era dueña de una finca rústica de nueve cuerdas radicada en el barrio de Jagüeyes del Municipio de Aguas Buenas, y, copiando textualmente del documento, "que sobre la expresada finca no pesan gravámenes de ninguna clase; que la misma tiene un precio de quinientos dólares; y que la citada compareciente doña Juana Masa Torres, se halla ocupando esa finca, como su residencia y la de sus familiares; por lo cual, ha acordado constituir y por la pre-

sente escritura constituye derecho legal de *homestead* (hogar seguro) dentro y de acuerdo con el derecho concedido por una ley titulada 'Ley para definir el *homestead* (hogar seguro) y para exentuarlo de una venta forzosa,' aprobada en nueve (*sic*) de marzo de mil novecientos tres; ajustándose dicho derecho de *homestead* a las disposiciones contenidas en dicha ley, y deseando se inscriba en el registro de la propiedad.''

Presentada la escritura en el registro, el registrador se negó a inscribirla ''por lo que respecta al carácter de *homestead* que se trata de imprimir a la finca comprendida en este título, por observar que de acuerdo con la ley para definir el *homestead* de marzo 12 de 1903, interpretada a la luz del derecho americano * * * debiera probarse el grado de parentesco de las personas que viven en compañía de doña Juana Masa Torres, que es soltera, para establecer la diferencia entre una familia ideal o ficticia y una familia de existencia real, según se ha resuelto en el caso de *Linton* v. *Crosby*, 56 Ia. 386 y en el caso de *Bosquett* v. *Hall*, 90 Kentucky 566, reportados en R. C. L. 13, 544 y 552.''

No conforme Juana Masa Torres, interpuso contra la negativa del registrador el presente recurso gubernativo.

Sostiene la recurrente en primer término que el registrador actuó sin jurisdicción porque de acuerdo con la ley él sólo puede calificar la legalidad de las escrituras y la capacidad de los otorgantes por lo que resulte de las mismas escrituras y por lo tanto no puede exigir ''la comprobación mediante evidencia de los hechos relatados en la escritura.''

Si las palabras ''debiera probarse el grado de parentesco * * * '' usadas por el registrador en su nota significaran que el registrador aspiraba a que se le presentara evidencia independiente sobre tal extremo, estaríamos conformes con la recurrente; pero a nuestro juicio no es ese el alcance de la nota. Puede deducirse que el registrador sostiene que del mismo documento o de los mismos documentos que se le pre-

senten debe resultar el grado de parentesco para poder resolver si debe o no inscribir el derecho de que se trata. Y para esto está facultado el registrador de acuerdo con la propia ley invocada por la recurrente. Artículo 18 de la Ley Hipotecaria.

Veamos, pues, si por los términos del documento presentado en el registro resulta o no constituído legalmente el hogar seguro de que se trata en este caso.

Dice R. C. L.:

"La palabra *'homestead'* (hogar seguro) tiene una significación tanto popular como legal. En su sentido popular significa el lugar del hogar—la residencia de la familia; representa la morada en la cual reside la familia, con las usuales y corrientes dependencias incluyendo toda clase de accesorios necesarios o convenientes al uso de la familia y los terrenos usados con tal fin. Aún cuando esta palabra es casi tan antigua como el idioma inglés, su empleo en el sentido legal es bastante moderno y peculiarmente americano. Según ha sido empleada en los varios Estados la palabra *'homestead'* puede definirse en el sentido de significar no solamente la propiedad —inmueble—ocupada como hogar, sino también el derecho a estar exenta de ejecución y venta obligatoria. En este sentido el *'homestead'* es el terreno que no excede de la cantidad prescrita en el cual está situada la morada, residencia, habitación o domicilio del dueño de la misma y de su familia, e incluye la casa de vivienda como parte indispensable." 13 R. C. L. 540.

En Puerto Rico existe una ley vigente sobre la materia desde 1903. La sección 1 de la misma expresa en lo pertinente, lo que sigue:

"Que todo jefe de familia, que tenga familia, tendrá derecho a una finca de *'homestead'*, hasta el valor de quinientos dollars ($500) en una estancia, plantación o predio de terreno y en los edificios contenidos en el mismo, que le pertenezca o que posea legalmente, en virtud de arrendamiento o en otra forma, y estuviere ocupado por él o ella como residencia; * * * ".

¿Qué se entiende por familia y qué por jefe de familia

dentro del espíritu de la ley sobre hogar seguro? La propia obra que acabamos de citar, resume la jurisprudencia así:

"Aunque en su sentido más lato la palabra 'familia' comprende todos los moradores de una casa que se encuentran bajo el gobierno común de una persona y en este sentido dicha palabra es sinónima de 'casa,' tiene una significación más restringida y limitada y se emplea para indicar el linaje de los antepasados, o dependientes en un sentido legal o moral, y frecuentemente se ha declarado que para constituir una familia dentro del significado de las leyes de 'homestead' la mera totalidad de individuos en la misma casa no es suficiente. Debe existir un estado de dependencia dentro de la ley, si no en realidad, por parte de algunos de aquellos que constituyen la familia o algún otro miembro de la familia a quien la ley designa por su jefe y esta dependencia debe resultar como cuestión legal de la relación existente entre las partes, ya sean padre y menor de edad, marido y mujer, tutor y pupilo, principal y sirviente, u otra relación. El deber de suministrar protección es también el punto a dilucidar." 13 R. C. L. 552.

"Cuando una persona dirige, administra y gobierna los asuntos concernientes a una casa, tal persona es, en el sentido más amplio, el jefe de la familia y todos los que residen en la casa son miembros de la familia, pero para que una persona se constituya en jefe de familia, dentro del significado de la Ley de 'Homestead', deberá existir un estado de dependencia legal o real respecto a tal persona por parte de algunos de aquellos que constituyen la familia." 13 R. C. L. 556.

"La palabra 'jefe de familia' (householder) se ha definido que es el jefe, amo o persona que está a cargo de y suministra lo necesario a una familia y no tiene aplicación a los miembros subordinados o moradores de la casa." 13 R. C. L. 559.

"Cualquier persona de uno y otro sexo puede ser el jefe de una familia y no es necesario que el jefe de familia sea casado con tal que exista dependencia respecto a tal persona por parte de alguno de los que constituyen la familia." 13 R. C. L. 562.

Si volvemos ahora a la escritura, veremos que si bien en ella se expresa que la finca está ocupada por la recurrente "como su residencia y la de sus familiares" no se fija el grado de parentesco ni se dice que exista relación de depen-

dencia alguna entre esos familiares y la recurrente y esto era tanto más necesario en este caso cuanto que la recurrente es una mujer soltera.

No resultando, pues, que se trate de una verdadera familia, dentro del significado de la ley sobre hogar seguro, ni que la recurrente sea el jefe de ella, estuvo justificado el registrador al negarse a inscribir el documento y su nota debe ser confirmada.

*Confirmada la nota recurrida.*

Jueces concurrentes: Sres. Asociados Wolf, Aldrey y Hutchison.