**Viola Marie CLAEYS, Conservator of the property of John Moldenschardt, Appellant,**

**v.**

**Barbara KOEPPEL a/k/a Barbara Holrath Koeppel, and Rosemary June Essex, Appellees and Cross-Appellants.**

No. 54753.

Supreme Court of Iowa.

Jan. 14, 1972.

Review Denied Jan. 22, 1972.

Richard L. Stevens, Davenport, for appellant.

Harold C. Lounsberry, Davenport, for appellees and cross-appellants.

REES, Justice.

This is an action brought under the provisions of section 630.18, The Code, to establish a pre-existing judgment as a lien on two separate parcels of real estate allegedly belonging to the defendant Barbara Koeppel, who had conveyed the record title to both tracts to her daughter and co-defendant Rosemary June Essex. The trial court established the judgment as a lien on a property in Scott County but found the evidence insufficient to establish it as a lien against the second tract situated in Wilton Junction in Muscatine County.

From the order and judgment of the court finding the evidence insufficient to establish defendant Koeppel the owner of the Muscatine County property, the plaintiff appeals. Defendants cross-appeal from the decree establishing the judgment against the Davenport, Scott County, property. We reverse the trial court as to both appeals and remand.

A judgment was entered by the District Court of Scott County on January 22, 1964 in favor of plaintiff and against defendant Barbara Koeppel for the sum of $14,770.55. The judgment was for the recovery of moneys loaned to defendant Barbara Koeppel by plaintiff's ward, John Moldenschardt. Said judgment weathered two attacks upon it in this court. See Claeys v. Moldenschardt, 260 Iowa 36, 148 N.W.2d 479, and the second case of the same name, (Iowa 1969), 169 N.W.2d 885.

Execution was issued on the judgment and returned unsatisfied; whereupon, plaintiff instituted this action asserting defendant Koeppel was the owner of the following described real estate in Scott County, Iowa:

A part of Outlot 31 in LeClaire's Second Addition to the City of Davenport, Scott County, Iowa, which is more particularly described as follows: Commencing at a point which is 139 feet North of the Northeast corner of Ninth and Perry Streets in the City of Davenport, Iowa; thence North 45 feet to a street known as 10th Street; thence East along the South line of 10th Street 60 feet; thence South 45 feet, more or less, to a point 60 feet East of the point of beginning; thence West 60 feet to the point of beginning, in the City of Davenport, Scott County, Iowa,

which she had conveyed, or purported to convey, to the defendant Rosemary June Essex, her daughter, on July 1, 1961. Plaintiff further asserted in the instant action defendant Koeppel was the owner of Lots 16, 17 and 18, in Block 2 of Rider's Addition to the town of Wilton Junction in

Muscatine County, Iowa, which she had acquired by purchase and which was conveyed to her by deed dated July 21, 1944; and that on June 21, 1961 she had made a pretended conveyance of the same to her daughter, the defendant Essex.

The record indicates defendant Koeppel acquired the Davenport property from one Furrow in 1956, and that she occupied it and continued to occupy it up to the date of trial in the district court. The marital or family status of defendant Keoppel does not appear from the record, either at the time of her acquisition of the Davenport property or at any time pertinent to this matter. In any event she claimed to have occupied the premises as her homestead until the time she conveyed it to the defendant Essex, and it appears from and after that time the defendant Essex claimed to occupy the property as her homestead. The marital or family status of defendant Essex also does not appear in the record. Apparently the trial court was not confronted, nor are we, with the responsibility of determining whether either defendant Koeppel or defendant Essex was entitled under the exemption statutes to make any claim as to the property being a homestead in fact. In this connection, see Emerson v. Leonard, 96 Iowa 311, 65 N.W. 153; Clemans v. Penfield, 111 Iowa 511, 82 N.W. 947; Fullerton v. Sherrill, 114 Iowa 511, 87 N.W. 419; Armstrong-Mc-Clenahan Co. v. Rhoads, 180 Iowa 710, 163 N.W. 356.

Appellant contends: (1) The trial court erred in its finding evidence was insufficient to establish defendant Koeppel the owner of the real estate in Wilton Junction; and (2) the trial court erred in failing to enter judgment and decree establishing plaintiff's judgment against defendant Koeppel as a lien upon the Wilton Junction real estate.

Appellee cross-appellants contend: (1) Trial court was correct in its finding defendant Koeppel was not the owner of the Wilton Junction real estate; and (2) trial court was correct in refusing to enter a judgment establishing a lien upon the Wilton Junction real estate and in not ordering execution sale thereof. Appellee cross-appellants further contend the trial court erred: (1) in finding that at the time of the conveyance from Koeppel to Essex of the two properties, both of which conveyances occurred in 1961, the plaintiff's ward Moldenschardt was an existing creditor of Koeppel; (2) in ordering that the plaintiff had a lien on the Davenport property from November 4, 1964; and (3) further erred in assessing all costs to the defendant.

I. The original exhibits have been certified to this court. A copy of the judgment and decree originally entered in favor of plaintiff and against defendant Koeppel on January 22, 1964, is before us. In said judgment entry the trial court found that between July 1, 1959, and the date of the appointment of the plaintiff-conservator, the ward had engaged in transactions with defendant Koeppel growing out of which loans were made to Koeppel by plaintiff's ward in the amount of $12,404.50, for which said amount, plus interest, the court directed judgment to enter. As we have observed above, said judgment weathered two storms in this court, and we are satisfied that the finding of the trial court at the time of the entry of the judgment established the status of plaintiff's ward as an existing creditor prior to the pretended conveyance of the two parcels of real estate by defendant Koeppel to her co-defendant Essex.

II. While we have observed *supra* the claim of entitlement to homestead by defendant Koeppel was not contraverted by the plaintiff in the trial court, and is not presented to us now, the finding and judgment of the trial court that defendant Koeppel is or was the actual owner thereof at the time of the submission of the matter in the trial court, we accept as a verity. The trial court found from the evidence that at the time of the conveyance from Koeppel to Essex, Koeppel was indebted to

Moldenschardt for a considerable sum of money, and that he was an existing creditor; that the conveyance of the Scott County property by Koeppel to Essex was in fraud of creditors, particularly of the plaintiff. The court proceeded to establish plaintiff's judgment as a lien on the Scott County property, but ordered the same could not be surrendered for the purposes of judicial sale because of its homestead character.

■ This matter is in equity and our review is de novo, and while we give weight to the fact findings of the trial court, we are not bound by them. Rule 344(f)7, Iowa Rules of Civil Procedure.

None of the parties to this appeal appear to challenge the finding of the trial court that the Davenport property is the homestead of Koeppel, and that although it may be impressed with the lien of plaintiff's judgment it cannot be subjected to execution sale. We find this anomalous, and are unable to follow the trial court's reasoning.

■ The trial court found the Scott County property was and is the homestead of defendant Koeppel. If it was her homestead, any conveyance or purported conveyance of the same by her could not have been in fraud of creditors as the property would have been exempt from general execution in any event, and should not have been subjected to the lien of plaintiff's pre-existent judgment. Citizens State Bank v. Arndt (not officially reported, Iowa) 205 N.W. 466. Since the homestead was exempt from plaintiff's claims, the debtor Koeppel had a perfect legal right to convey it to her daughter regardless of motive. Hall Roberts' Son, Inc. v. Plaht, 253 Iowa 862, 865, 114 N.W.2d 548, 549; Wadle v. Boston Market Co., 195 Iowa 46, 50, 191 N.W. 528, 530; Millsap v. Faulkes, 236 Iowa 848, 853, 20 N.W.2d 40, 42; 37 C.J.S. Fraudulent Conveyances § 31, p. 878.

We hold, therefore, the Davenport property, which the court found and determined was the homestead property of defendant, Koeppel, should not have been impressed with the lien of plaintiff's judgment, and in this respect we reverse the trial court.

■ III. In its findings of fact the trial court determined when defendant Koeppel made her purported conveyance of the Wilton Junction property to her daughter, defendant Essex, no money changed hands, but that both defendants claimed a debt from Koeppel to Essex pre-existed the conveyance, said debt being evidenced by a promissory note in the amount of $2500, dated August 11, 1958. The court found from the testimony the note had not been delivered to Essex until long after it was dated, and the reasonable inference was that it was not in existence until long after its date. While it was claimed the note was given to cover moneys advanced to Koeppel by Essex from time to time over a period of years, the trial court found the testimony of the indebtedness and the circumstances surrounding the execution and delivery of the note so vague and indefinite as to make the testimony unbelievable. The trial court also found that the conveyance from defendant Koeppel to Essex was not intended to convey title to the Wilton Junction property, and in fact defendant Essex testified that she considered the conveyance to her merely security for the note. Koeppel did not appear and testify and no reasonable explanation was made as to her absence and failure to testify, which raised an inference that if she had testified her testimony would have been detrimental to her case and to the case of defendant Essex. 58 Am.Jur., Witnesses, § 8, p. 26; Wigmore on Evidence, 3rd Edition, § 289. While the court found from the record, including all reasonable inferences from the facts and testimony, that the conveyance of the Davenport property was in fraud of creditors, particularly of plaintiff, it also found that as to tract 2, the Wilton Junc-

tion property, the evidence was insufficient to establish defendant Koeppel the owner thereof.

■■ We are unable to discern any real difference, if any in fact exists, in the circumstances of the conveyance of the Davenport property and those surrounding the conveyance of the Wilton Junction property. We conclude from the record on our *de novo* review that the conveyance of the Wilton Junction property was likewise in fraud of creditors, particularly of plaintiff, that the record does in fact establish defendant Koeppel is the true owner thereof, and that the Wilton Junction property should be subjected to the lien of plaintiff's judgment. While we recognize blood relationship is not *per se* a badge of fraud, it strengthens the inference arising from the circumstances requiring strict proof of consideration and fairness of the transaction. Rouse v. Rouse (Iowa 1970), 174 N. W.2d 660, 667; Commercial Savings Bank v. McLaughlin, 203 Iowa 1368, 1369, 214 N.W. 542, 543; 37 Am.Jur.2d, Fraudulent Conveyances, § 25, pp. 715, 716. In this respect, we reverse the trial court.

■ IV. Defendant cross-appellant complains the court was in error in assessing costs against defendant Essex. Under the circumstances of this case, we conclude there was no error on the part of the trial court in assessing costs against both defendants. See §§ 625.1 and 625.3, The Code. Costs of this appeal, however, are taxed two-thirds to defendants and one-third to plaintiff.

We therefore reverse the trial court on defendant cross-appellants' appeal in its conclusion the lien of plaintiff's judgment should be impressed upon the property referred to as tract 1, located in Scott County, and further reverse the trial court on plaintiff appellant's appeal and order plaintiff's judgment be impressed as a lien upon tract 2, the property situated in Muscatine County.

The case is, therefore, reversed as to both appeals, and remanded for entry of judgment and decree in conformity with this opinion.

Reversed and remanded.

All Justices concur, except LeGRAND and HARRIS, JJ., who take no part.