TYSON v. REYNOLDS.

1. **Exemption**: HEAD OF A FAMILY. A widower, with whom lived his son and son's wife, and who employed a household servant, was held to be the head of a family within the meaning of the statute granting exemptions.

|    |     |
|----|-----|
| 52 | 431 |
| 96 | 313 |
| 98 | 58  |

|     |     |
|-----|-----|
| 52  | 431 |
| 126 | 484 |
| 126 | 486 |
| 52  | 431 |
| 128 | 553 |

*Appeal from Webster Circuit Court.*

THURSDAY, DECEMBER 4.

THE plaintiff caused garnishee process to be served upon defendant, claiming that he was the debtor of one C. F. Weston. The garnishee answered, admitting the indebtedness. The creditor Weston intervened, claiming that the indebtedness occurred on account of personal service rendered by him within three months, and that he is the head of a family, and that the debt is, therefore, exempt from the garnishee process. Upon a trial to the court, without a jury, judgment was rendered for the intervenor, the creditor, and the garnishee was discharged. Plaintiff appeals.

*Frank Farrell,* for appellant.

*A. A. Botsford,* for appellee.

BECK, CH. J.—The intervenor, the creditor of the garnishee, was a widower. After the death of his wife he continued to keep house, as he had done before. His son and his son's wife lived with him, he having full charge of the household affairs, and they paying no board or compensation to him for their living. He employed a domestic. The son had lived with him before his marriage, and no change had been made in their relations afterwards.

The question for our determination is whether the intervenor is the head of a family, as contemplated by Code, section 3072. If he is, the debt is exempt under that statute. A family is "the collective body of persons who live in one house, under one head or manager." The relation existing between such persons must be of a permanent and domestic

character, not abiding together temporarily as strangers. There need not, of necessity, be dependence or obligation growing out of the relation.

Code, section 3073, provides that the word family, used in the preceding section, does not include strangers or boarders lodging with the family. This would seem to imply that the term does include persons living in the family who are not strangers or boarders. The son and his wife were neither strangers nor boarders, but lived with the father, who provided for them as for children or dependents. We conclude that they, with his domestic, constituted intervenor's family. See Smith's Homestead Exemptions, sections 520, 147, 68 and notes. It is not disputed that if there was a family in the intervenor's house he was its head.

We think the Circuit Court correctly held that the intervenor was the head of a family, and the debt due from the garnishee was exempt from seizure for the intervenor's debt.

AFFIRMED.