ARNOLD v. WALTZ.

1. **Homestead**: HEAD OF FAMILY. An unmarried woman who had taken charge of the two children of her sister, upon the latter's death, and at her request, and with whom they lived in her own house, was held to be the head of a family and entitled to the homestead exemption.

*Appeal from Fremont Circuit Court.*

FRIDAY, JUNE 11.

THE plaintiff is the owner of two lots in the city of Hamburg, upon which there is a dwelling house where she resides. The defendant recovered a judgment against the plaintiff upon which he caused an execution to issue, and a levy thereof to be made upon said real estate. The plaintiff instituted this action to enjoin the sale of said property, upon the ground that it was her homestead. There was a decree for the plaintiff. Defendant appeals.

*Read & Wilson*, for appellant.

*Wynn & Wynn*, for appellee.

ROTHROCK, J.—The cause has been submitted upon certain agreed facts, of which the following is the substance: The plaintiff is the owner in fee of the property the sale of which she seeks to enjoin, and she has been such owner since before the indebtedness upon which the judgment is founded accrued. Before she incurred the indebtedness, and while the plaintiff was residing on said property, her sister died at the home of the plaintiff, leaving two daughters, aged about seven and thirteen years, respectively. Just before the death of said sister she gave the plaintiff her said children, and requested her to bring them up and care for them, and be a mother to them, as her own. The plaintiff accepted the charge and has protected, provided and

*1. HOMESTEAD: head of family.*

cared for said children, as her own, ever since the death of their mother. She has ever since occupied said property as a home for herself and the said children, and said children have had no other home, and have constantly remained with the plaintiff, except that the elder has been out at service for others at various times. The plaintiff has never lived in the property with her father nor mother. She has never been married, nor had any family, except the said children of her sister, and said children have never been adopted by her under the provisions of chapter 7, title 15 of the Code.

We are required to determine whether, under the foregoing facts, the plaintiff is the head of a family, within the meaning of the statute which exempts the homestead from judicial sale.

In *Parsons v. Livingston et al.*, 11 Iowa, 104, the plaintiff was a widower and without children. He purchased the property claimed as a homestead, and took up his residence thereon, taking with him his mother, who was a widow without children, excepting the plaintiff. They continued to live in said house as their home, the plaintiff supporting his mother. It was held that the plaintiff while thus living was the head of a family within the meaning of the homestead act then in force.

A family "is a collective body of persons who live in one house, and under one head or manager." The case at bar is not different in principle from that above cited. There is no material difference between the statute there construed and the one now in force. It was there held that it was not necessary to constitute the head of a family, within the meaning of the statute, that there should be children of such head of a family, nor that there should be husband or wife, or that the person claiming to be the head of a family should be a surviving husband or wife to one who was the owner of the property. The court adopted a broader definition, and, as we believe, one entirely consistent with the language and spirit of the statute.

In the case at bar the plaintiff is the head of a family in

the fullest sense, as the protector of the children of her deceased sister.    The agreed facts show that she stands in the relation of a parent to them, having assumed and taken upon herself that obligation.    We are united in the opinion that she is the head of a family within the meaning of the statute, and is entitled to its exemption. . In further support of the views herein expressed see *Tyson v. Reynolds*, 52 Iowa, 431.

AFFIRMED. ·