## NOBLE v. CHASE.

60   261
98    58

1. **Practice in Supreme Court**: LESS THAN $100: PRESUMPTION IN FAVOR OF LOWER COURT. Where a case involving less than $100 comes to this court on a certificate, though the record is imperfect, it will be presumed that the questions certified did arise in the case, unless the contrary is affirmatively shown.

2. **Fences**: SUFFICIENCY OF: JUDGMENT OF FENCE VIEWERS NOT EXCLUSIVE. There is no statute which makes the fence viewers the sole judges of the sufficiency of a fence in an action brought for the recovery of damages caused by trespassing cattle; and, in the absence of such statute, the sufficiency may be proved like any other fact.

3. ———: ———: TRESPASSING ANIMALS: QUESTION FOR JURY. In an action for damages caused by trespassing animals breaking through a partition fence, the mere fact that plaintiff's portion of the fence was not

shown to be lawful throughout, will not, as a matter of law, bar his recovery; and if there was evidence tending to show that defendant's part of the fence was unlawful, and that the cattle broke through *it*, and through plaintiff's fence where it was lawful, the question of defendant's liability should have been submitted to the jury.

*Appeal from Delaware Circuit Court.*

TUESDAY, DECEMBER 12.

ACTION commenced before a justice of the peace to recover for damages alleged to have been done by the defendant's cattle and hogs. The plaintiff avers that he and the defendant are owners of adjoining farms, between which is a partition fence; that the plaintiff's part of the partition fence is good and lawful, and the defendant's part insufficient and not lawful; that the defendant's cows and other animals passed over the defendant's part of the fence by reason of its insufficiency, and entered upon the plaintiff's land, and destroyed his crops, and did other damage.

The defendant pleaded a general denial. For further defense he averred that the plaintiff elected to distrain the defendant's animals for the same damage; that he summoned the township trustees to assess the damage; that upon viewing the premises they adjudged that the plaintiff had no cause to distrain the animals, for the reason that the plaintiff's portion of the fence was not lawful, and that it was over that portion of the fence that the cattle passed when they did the damage complained of; that the plaintiff did not appeal from their decision, and he is now estopped from maintaining an action to recover for the same damage. There was a trial to a jury, and verdict and judgment were rendered for the defendant. The plaintiff appeals.

*J. B. Powers* and *A. S. Blair*, for appellant.

*C. Yoran* and *E. M. Carr*, for appellee.

Noble v. Chase.

ADAMS, J.—The court instructed the jury that, under the undisputed evidence, the plaintiff could not recover for the trespass alleged to have been committed by the defendant's animals in passing over the fence upon the plaintiff's land. The giving of this instruction is asssigned as error. The evidence is not set out, nor is it affirmatively shown that the instruction was excepted to. But the case, involving less than $100, comes to us upon a certificate, and the questions certified we will presume do arise in the case, unless it is shown affirmatively otherwise. We will not presume that the certificate is incorrect, or was improperly granted, but the reverse. *Thorpe Bros. & Co. v. Dickey*, 51 Iowa, 676.

<div style="margin-left:2em">

1. PRACTICE in supreme court: less than $100: presumption in favor of lower court.

</div>

The questions certified are of such length we shall not set them out verbatim. The facts which the certificate justifies us in assuming as existing are as follows: There was no evidence showing that the plaintiff's part of the fence was a lawful fence in the opinion of the fence viewers, but there was evidence tending to show that it was in fact lawful except in three or four places. There was evidence tending to show that, according to a recent survey, the whole partition fence was longer by five rods than the plaintiff and defendant supposed; that that five rods had never been divided between them, and was not a lawful fence. There was evidence tending to show that forty rods of the defendant's fence was not a lawful fence, and that the defendant's stock broke over that part, and also over that part of the plaintiff's fence which was lawful. The questions submitted in substance are, whether the court erred in deciding (instead of submitting the question to the jury) that the plaintiff's fence was not shown to be a lawful fence, and whether, if it was not, he must necessarily fail to recover. The idea of the court appears to have been, that it was incumbent upon the plaintiff to show, in order to enable him to recover, that his own part of the fence had been adjudged to be lawful by the fence viewers, and that, in the absence of such showing, it was not material

to determine what was the condition of the defendant's fence, or where the cattle broke through.

In some instances the statute appears to make the fence viewers the sole judges of the sufficiency of a partition fence. This is so where one part owner complains of the other of a neglect to repair. Code, § 1490. This is so where the complainant becomes entitled to repair and does repair, and seeks to recover therefor. Code, Sec. 1491. But our attention has been called to no statute which makes them the sole judges of the sufficiency of a fence, in an action brought for the recovery of damages caused by trespassing cattle. In the absence of a statute, we think that the sufficiency may be proved like any other fact.

<span style="font-variant: small-caps">2. FENCES:<br>sufficiency of:<br>judgment of<br>fence view-<br>ers not ex-<br>clusive.</span>

We come then to the second question, and that is: must the plaintiff fail to recover if his part of the fence was not lawful throughout, notwithstanding the fact that the cattle broke over the plaintiff's part where it was lawful, and over the defendant's part where it was not lawful? The view which appears to be taken by defendant, and which, we doubt not, was taken by the court below, is that the right of recovery is confined to a person whose land is inclosed throughout by a lawful fence. Sec. 1448 of the Code provides for a recovery by a person who "is injured in his lands inclosed by a lawful fence," and we are asked to infer that a recovery is denied to a person whose land is not inclosed by a lawful fence. But this view, if carried out, would deny a recovery if the plaintiff's part was wholly lawful and defendant's not lawful. The land in such case would not be inclosed by a lawful fence throughout. The same section provides that if the animals were lawfully on the adjoining land, and escaped therefrom in consequence of the neglect of the person suffering the damage to maintain his part of the division fence, the owner of the animals shall not be liable for such damage. The implication is that the owner of the animals will be liable, though lawfully on adjoining land, if they escape therefrom and do

<span style="font-variant: small-caps">3. ——: ——:<br>trespassing<br>animals:<br>question for<br>jury.</span>

damage, and their escape is not in consequence of the neglect of the person suffering the damage.

Section 1449 of the Code, is in these words: "And if the animals are not lawfully upon the adjoining close, and came thereupon, or if they escaped therefrom into the injured inclosure, in consequence of the neglect of the adjoining owner to maintain any partition fence or any part thereof, which it was his duty to maintain, then the owner of the adjoining land shall be liable as well as the owner of the animals." We have a case where the owner of the adjoining land, and the owner of the animals is the same person. We cannot think that the legislature intended that the land owner should be liable where he does not own the trespassing animals, and escape liability where he does. We conclude, then, that if there was evidence (though not the testimony of the fence viewers, nor proof of their opinion) tending to show that the defendant's part of the fence was not lawful, and that the cattle broke through it, the question of the defendant's liability should have been submitted to the jury.

One of the questions argued is, as to whether, if the plaintiff's fence was lawful except in two or three places, and the cattle broke through the lawful part and did damage, the plaintiff has a right to recover for such damage. But this question is not certified to us. The court did not find that the plaintiff's fence was lawful except in two or three places, but only that there was evidence tending to so show. The jury might have found that it was lawful throughout. The question certified is, as to whether the court was justified on such evidence in withdrawing from their consideration the plaintiff's claim. In answer to this question we have to say that we think it was not.

<div align="right">REVERSED.</div>