C. W. MENEFEE, Appellant, v. C. P. CHESLEY.

**Appeal:** NOTICE TO CO-DEFENDANT. In an action against both husband and wife for necessaries, where no judgment is rendered against the wife, and there is nothing to indicate that she will be affected by an appeal by the husband from judgment against him, notice of an appeal by him need not be served on the wife.

CERTIFICATE. An appellant need not abstract the pleadings in a case coming to the Iowa Supreme Court on certificate.

AT COMMON LAW. A husband is not liable at common law for groceries sold on the credit of his wife, after she has compelled him to leave her home, especially where they were used for the support of herself and of her children by a former husband.

**Family Necessaries Under Statute.** The children of a wife by a former husband, are not a part of the family of a second husband from whom she has separated, so as to render him liable for their support, under Iowa Code making the expenses of the family chargeable on the property of either husband or wife.

*Appeal from Cass District Court.*—HON. A. B. THOR-NELL, Judge.

MONDAY, APRIL 13, 1896.

ACTION at law to recover of defendant the amount of a certain bill of goods sold to his wife. Judgment for defendant. Plaintiff appeals.—*Affirmed.*

*John Hudspeth* for appellant.

*Willard & Willard* for appellee.

DEEMER, J.—The amount involved being less than one hundred dollars, the case comes to us on a certificate from the trial judge. We need not set it out in full. The facts as found by the lower court are that

in 1893, the plaintiff sold and delivered to Mrs. C. P. Chesley, defendant's wife, certain groceries, to the value of eighty-one dollars, on which there yet remains due the sum of sixty-nine dollars. The goods were sold upon the order of, and credit was extended solely to the wife. The goods so sold were used by the wife and her children by a former husband, who lived with her at the time. The defendant was married to the woman who purchased the goods in the year 1892. At the time of the marriage, she had three minor children, who lived with her in property owned by the wife. Immediately upon the marriage, defendant took up his residence with his wife and her children, and continued to live there until January, 1893. At this last-named date, trouble arose between the parties; and, as a result, the defendant, upon invitation of the wife, left, and went to an hotel, where he has since resided. When he quit living with his wife, he notified the merchants of the city where they both resided, not to sell goods to his wife upon his credit. He did not, however, at any time object to the stepchildren living in his family; nor did he say anything to the merchants to whom he gave the notice, that he did not wish to support these children. The wife had no income at the time she purchased these goods, and the husband refused to support or provide for her or her children.

On these facts, the following questions of law are propounded. First. Is the husband, C. P. Chesley, liable for the balance due upon said account, under the circumstances above given? Second. After the husband's departure from the household, under the circumstances above given, did he have a family remaining in the household, within the meaning of section 2214, of Miller's Code of Iowa? Third. Is the indebtedness arising from the sale of said goods to the wife, one which can be said to constitute "family

expenses," within the language of said section, as against the defendant, C. P. Chesley? Fourth. There having been kept no account of the particular groceries consumed by the wife, or of those used by the children, can the husband escape liability in this case, by reason of the fact that the children are not his own? Fifth. The plaintiff placed the wife upon the stand, and offered to contradict by her, the husband's testimony with reference to what was said at the time of the quarrel, and also to show by her, the fact that she had no means of support, other than those coming from her husband. Counsel for the husband objected to the witness before she was sworn, and before she came upon the stand, upon the ground that she was the wife of the defendant, C. P. Chesley, and therefore her evidence was incompetent as against him. She is a co-defendant in this suit, but the trial of this case was against the husband, and the case against the wife was not being tried. "Judgment had been entered against C. P. Chesley before a justice of the peace, from which judgment C. P. appealed. No judgment had been entered against the wife so far as I know. The court sustained said objection, to which ruling the plaintiff, at the time, excepted. Question: Was this action of the court prejudicial error?"

It may be well before answering these questions to dispose of two questions of practice. It is insisted that the appeal should be dismissed, because no notice of appeal was served upon the wife. We do not see the necessity for such a notice. It does not appear that Mrs. Chesley was a party to the proceedings; certainly, no judgment was rendered against her, and there is nothing to indicate that she would be affected by this appeal.

The appellant's abstract does not set forth the pleadings. It is contended, that this is fatal. As the case comes to us, on certificate, it is not necessary for

the appellant to abstract the pleadings. *Noble v. Chase*, 60 Iowa, 261 (14 N. W. Rep. 299).

Again, it is said, that the certificate is not in proper form, because—First, the facts are not found by the judge; and, second, because no question of law is presented. We see no merit in either of these claims.

We now turn to the questions presented, and instead of answering each *seriatim*, we group them together, and find that, virtually, two are involved. First, is the defendant liable as at common law for the goods sold? And, second, is he liable under the statute (Miller's Code, section 2214). Little, if any, reliance is placed by appellant upon defendant's common law liability. Indeed, we think he was not entitled to recover on this theory, for the reason that it is affirmatively shown that the goods were sold solely on the credit of the wife, and for the further reason that it is not shown that the wife had no means with which to pay for them. It also appears that the goods were not only used by the wife (for whose support the defendant might, under certain circumstances, be held liable), but by her children, for whose sustenance he was not responsible after the family relation was severed. Is the defendant liable under the provisions of the Code before cited? The section reads as follows: "The expenses of the family, and the education of the children are chargeable upon the property of both husband and wife or either of them, and in relation thereto they may be sued jointly or separately." The question turns upon the interpretation to be put upon the word "family." At law, it has a well-defined meaning. It is said to be a "collective body of persons, who live in one home, under one head or manager." *Tyson v. Reynolds*, 52 Iowa, 431 (3 N. W. Rep. 469); *Arnold v. Waltz*, 53 Iowa, 706 (6 N. W. Rep. 40); *Linton v. Crosby*, 56 Iowa, 386 (9 N. W. Rep. 311). Under the facts found by the

court, there certainly was a family, which used the goods, and the account was for expenses of the family. But, was it such a family as, that defendant should be holden for the amount of the bill? It is manifest, from a reading of the statute, that the family, for the expenses of which, either husband or wife may be held liable, is the family of such husband or wife, not some other family. Were the children of a former husband a part of the defendant's family, after he ceased to live with them, and can he be held liable for their support? Clearly not, as we think. While he may have been liable for the expenses of such a family so long as he continued to live in and and be a part of it, yet when he threw off these oblitions toward his stepchildren, as he had the right to do, his liability for their support ceased. They were no longer a part of his family, and he should not be held liable for the support of persons to whom he owed no duty. Our conclusion finds support in the case of *Schlesinger v. Keifer* (Ill. Sup.) (22 N. E. Rep. 814).

A question as to the admissibility of certain testimony, is presented by the certificate. We think, the mere perusal of section 3641, of the Code, is sufficient to show that the court correctly excluded the testimony.

The lower court found for the defendant. Our consideration of the case leads to the same results, and the judgment is AFFIRMED.