EMMA HOOVER, Appellee, v. CENTRAL IOWA FUEL COMPANY et al., Appellees; ESTHER MAY HOOVER, Intervener, Appellant.

MASTER AND SERVANT: Workmen's Compensation Act—Appeal. Statutes authorizing appeals apply to causes arising before and pending at the time of the enactment.

CERTIORARI: Appeal as Excluding Certiorari. The court will not determine the correctness of certiorari proceedings, dismissed by the lower court on the merits, when a properly taken appeal is pending, involving the same questions.

MASTER AND SERVANT: Workmen's Compensation Act—Child with Stepfather Not Dependent of Natural Parent. A child under 16 years of age who has a stepfather may not recover under the Workmen's Compensation Act for the death of the natural parent.

*Appeal from Lucas District Court.*—D. M. ANDERSON, Judge.

APRIL 6, 1920.

THE tribunals below held that appellee Emma Hoover, the mother of a deceased employee, was entitled to compensation under the act; also, that intervener Esther May Hoover, a minor child of said employee, and less than 16 years old, was not entitled to recover as a dependent, because, while the deceased employee was her father, at the

time of his death intervener was a member of the family of her stepfather. Hence, intervener appeals.—*Affirmed.*

*John T. Clarkson,* for appellant.

*John F. Abegglen, D. W. Bates,* and *Stipp, Perry, Bannister & Starzinger,* for appellees.

SALINGER, J.—I. Appellant, on the 11th of June, 1907, appealed from the finding of the industrial commissioner to the district court. Her appeal was there dismissed. This was done on the theory that the then existing statute law authorized no appeal. We think this holding rests on a misapprehension, and may have been worked by following a suggestion made in the argument of appellee, to the effect that the statute permitting such appeal was "enacted" since this cause of action arose. That may be so; but Chapter 270, Acts of the Thirty-seventh General Assembly, became effective by publication before this appeal was perfected, and, in our opinion, sustains the right to the appeal which the court dismissed.

1. MASTER AND SERVANT: Workmen's Compensation Act: appeal.

### 1-a

Appellant also brought certiorari in the district court, and in that proceeding asserted that the industrial commissioner was acting beyond power, in revising the decision of the arbitration committee, in whole or in part. It was urged by the defendant in the certiorari proceedings that the court had no power to entertain them. The court held to the contrary, but did so on the ground that it had jurisdiction because appeal did not lie. On the merits, the writ was annulled, the court holding that, in such revision the commissioner was not acting beyond power. We agree to this conclusion. We express no opinion on whether certiorari will lie merely because appeal is not permitted.

2. CERTIORARI: appeal as excluding certiorari.

Since we hold that appeal does lie, and since the cause is
here on appeal, and since that appeal presents every ques-
tion involved in the certiorari proceedings, we shall not pass
further than we have done upon whether the action taken
below in the certiorari proceedings was the proper one.

II.  It may be conceded, for the sake of argument, that
cases in other jurisdictions, upon which the commissioner
relied largely, are not applicable, because of a difference in
statutes.  It may further so be conceded
that, if a child may not recover as a depend-
ent of her father, because she has a stepfa-
ther, it is possible there will be cases where
justice fails.  We may so assume that, in
some circumstances, our Compensation Act
makes it possible that a claimant may have more than one
recovery.  We may so assume, for the appellee, that double
dependencies should not be permitted.  But, after all, we
must be controlled by an interpretation of our own statute.
The legislature has power to permit a double dependency.
On the other hand, it may refrain from entitling anyone to
compensation for the death of an injured employee.  The
sole question is, What has the legislature done?  One provi-
sion of Section 2477–m16, Code Supplement, 1913, is that a
child under 16 years of age is conclusively presumed to be
wholly dependent upon a deceased employee, "whether ac-
tually dependent for support or not upon the parent at the
time of his or her death."  So far, such child is such de-
pendent of an employee, provided he be "the parent" of such
child.  And so far, the statute attempts no definition of who
such "parent" is.  Up to this point, the reasonable construc-
tion of the statute is merely that, if the natural parent of a
child younger than 16 is injured in the course of his em-
ployment, the recovery of such child cannot be contested on
the ground that, in fact, she is not dependent upon such
parent.  With a deceased father, dead from injuries so sus-

**3. MASTER AND SERVANT: Workmen's Compensation Act: child with stepfather not dependent of natural parent.**

tained, such child recovers, under the act. At this point, the conflict between the parties begins. The appellant says the liability is not affected by the existence of a stepfather, because the statute does not except cases where the child also has a stepfather. The appellees say the statute, as written, speaks of natural parents' only, and that a child who has lost such parent in an industrial accident may not recover, if it have a stepfather, unless the statute says there is a right to recover though there is a stepfather. In our opinion, the statute, in so far as it has yet been adverted to, contemplates the usual only. Most children do not have a living parent and also a stepfather. Up to the point yet discussed, the statute does nothing except to provide for the cases where the child loses its "parent," and does not have a stepparent. But that is not all of the statute. It further provides that "stepparents shall be regarded in this act as parents." Reading the provisions together, we conclude that this last clause does work the exception which, according to appellant, is necessary to defeat her. The first provision leaves the right to recover on account of the death of a "parent." The second one necessarily deals with cases where there is a stepfather. It does so by declaring that, for the purposes of the act, the stepparent is the parent. There is nowhere an indication that anyone can have more than one set of "parents." There is no need for construction if the *natural* parent was injured. The sole purpose of the last and qualifying clause, then, must be to enact that, as between stepfather and natural father, the infant can recover for nothing but an injury to the stepfather. We find it impossible to interpret a statute which provides a recovery for the death of a parent, and expressly declares that, for the purposes of administering the statute, stepparents, if they exist, shall be deemed to be the parents, into meaning, not that stepparent becomes a substitute for parent, but that the child may recover on account of injuries to

either the natural parent, the stepparent, or to both. The statute substitution is idle if there may be recovery for injury to one for whom the statute substitutes another. All substitutions are, of necessity, exclusive. We find nothing in Subdivisions "d" and "f" of Section 2477-m9 which is repugnant to the said conclusion we have reached. It follows the decree must be—*Affirmed.*

WEAVER, C. J., EVANS and PRESTON, JJ., concur.