LAURA ROBINSON, Appellee, v. CHARLES EAVES et al., Appellants.

MASTER AND SERVANT: Workmen's Compensation Act—Conclusive
Dependency of Stepchildren. The statutory conclusive presumption,
under the Workmen's Compensation Act (Sec. 1402, Code of 1924),
that stepchildren of specified ages are wholly dependent upon the step-
father must prevail even though, shortly prior to the death of the
stepfather, the wife of the stepfather *permanently deserted* the latter,
and took her children with her.

STEVENS, FAVILLE, and ALBERT, JJ., dissent.

Headnote 1:  Workmen's Compensation Acts—C. J. p. 55.

Headnote 1:  28 R. C. L. 778.

*Appeal from Wapello District Court.*—W. M. WALKER, Judge.

OCTOBER 26, 1926.

REHEARING DENIED APRIL 7, 1927.

This is a Workmen's Compensation case. The claimant was
the widow of the deceased employee, Ed. Robinson. Charles
Eaves was the employer, and the Employers Mutual Casualty
Company was his insurer. Leo Chapman, as trustee for the
minor stepchildren of the deceased, intervened. From the judg-
ment of the district court affirming the award of the commis-
sioner to the stepchildren of the deceased, the defendant
employer, Charles Eaves, and his insurer have appealed.—*Af-
firmed.*

*Miller, Kelly, Shuttleworth & McManus,* for appellants.

*E. E. Smith, Gilmore & Moon,* and *F. C. Huebner,* for inter-
vener, appellee.

EVANS, J.—Ed. Robinson was accidentally killed in a clay
pit on March 11, 1924. He left surviving him his widow, plain-
tiff herein, and two stepchildren, nine and twelve years old,
respectively, and these are represented in this litigation by their
trustee, Leo Chapman. No question is raised as to the relation

of employer and employee, as between the deceased, Ed. Robinson, and the defendant Charles Eaves; nor is it questioned that Eaves met his death accidentally, in the course of his employment.

The commissioner denied compensation to the widow, on the ground that she had deserted the deceased three days before his death, and that she was thereby precluded, under the statute, from claiming compensation. The commissioner awarded to the stepchildren, however, the statutory compensation. This award, being affirmed in the district court, is the basis of the appeal presented for our consideration. The deceased and the plaintiff herein were married in April, 1923. The plaintiff had been previously the wife of one John Adler, and had obtained a decree of divorce from him, which decree awarded to her the custody of her minor children, whose interests are now involved in this litigation. After the marriage, these minor children became members of the family of Ed. Robinson. The home was maintained at Ottumwa, Iowa. The former home of the plaintiff was at Fairfield, and her former husband still lived there. She had also an adult son, William, who was married, and maintained a home in Fairfield. The deceased met his death on Tuesday. On Saturday preceding, the plaintiff left the Ottumwa home, and went to Fairfield. She addressed a note to her husband, advising him that she was leaving him, and that she would not return. She took with her her two minor children, and went to the home of her son, William, at Fairfield, to care for a sick child, as claimed. Her former husband, John Adler, lived under the same roof,—whether as a member of William's family does not appear.

Upon this state of facts, the question is raised whether the two minor children of the plaintiff, being the stepchildren of the deceased, were dependents upon the deceased at the time of his death. The appellants contend for the negative. The argument for appellants is predicated upon the general proposition that these stepchildren ceased to be members of the family of the deceased on Saturday, when their mother took them to Fairfield; that he was not thereafter liable for their support; and that, therefore, they were not actually dependents upon him. The further argument is that, because they were not actually dependents upon the deceased after Saturday, then the statu-

tory presumption created in their favor is thereby wholly rebutted. Section 1402, Code of 1924, provides:

"The following shall be conclusively presumed to be wholly dependent upon the deceased employee: * * * 2. A child or children under sixteen years of age, and over said age if physically or mentally incapacitated from earning, whether actually dependent for support or not upon the parent at the time of his or her death. An adopted child or children or stepchild or stepchildren shall be regarded the same as issue of the body."

Section 1404, Code of 1924, provides as follows:

"In all other cases, questions of dependency in whole or in part shall be determined in accordance with the facts as of the date of the injury."

Upon the face of the statute, Section 1402 would seem to be decisive of the whole question. That these children were the stepchildren of the deceased is not controverted. What is contended for by appellants is that they were not members of his family, and that they had ceased to be dependents upon him, because their natural father had assumed their support, and because they thereby became dependents upon him, and not upon the deceased. The commissioner found, and the district court affirmed, not only that they were stepchildren, and thereby conclusively presumed to be dependents, but also that they were actual dependents upon the deceased at the time of his death, in that at no time since the marriage of the mother to the deceased had these minor children received any support from any other source than from the deceased, and that this actual support by the deceased continued up to the date of his death. As covering the three days intervening between Saturday and Tuesday, it appears from the evidence that the mother and her children subsisted, after their departure from Ottumwa, upon the money already received by her from the deceased; and the commissioner found such to be the fact.

It does appear that, when the mother obtained a divorce from her former husband, John Adler, the decree required said John Adler to pay $15 a month for the support of the minor children. It is argued, therefore, by the appellants that the children were not *solely* dependent. It is not claimed that John Adler ever paid any part of his obligation under this decree. On the contrary, it appears that he did not. Nor does it appear

that anything can be collected from him, by execution or otherwise. The appellants predicate their argument upon the claim that John Adler resumed his family relation with his minor children; that he assumed the support thereof; that he did support them, and was supporting them at the time of the death of the deceased; that thereby they became his dependents, and ceased to be the dependents of the deceased.

Inasmuch as the commissioner found that John Adler had not resumed his family relation to the minor children, and had not assumed their support, and had not in any manner supported them, the very premises upon which appellants build their argument disappear. By the marriage, these children became the stepchildren of the deceased; they became actual members of his family; he assumed their actual support; they received no support from any other source. If it were possible, therefore, for the appellants, upon any hypothesis, to avoid the effect of Section 1402, above quoted, yet the hypothesis is not present in the record. Sufficient, therefore, to say that the statute is controlling.

Indeed, we deem it clear, upon this record, that the commissioner had a right to find, not only that these stepchildren were presumptive dependents, under Section 1402, but also that they were actual dependents, under Section 1404.

The order of the district court is, accordingly, affirmed.— *Affirmed.*

DE GRAFF, C. J., and VERMILION and MORLING, JJ., concur.

STEVENS, J. (dissenting.)—I am unable to agree to the conclusion of the majority. The conclusive presumption created by Section 1402 of the Code of 1924 no doubt grows out of the well-known fact that children under the age of sixteen usually accompany and reside with the mother. This well-known fact doubtless suggested to the legislature that the presumption should be extended to stepchildren. In other words, the justification for the conclusive presumption is the almost universal fact of dependency of children under sixteen years of age upon the father or stepfather for support. We held, in *Hoover v. Central Iowa Fuel Co.*, 188 Iowa 943, that a child under sixteen years of age, residing with its mother in the home of a stepfather, was not the dependent of the father, within the meaning

of the statute. In the present case, the evidence shows, and the commissioner found, that the wife and mother of the minor children in question permanently abandoned her husband, and was not entitled to compensation. She returned to the home of her son, with whom the father of the children appears to reside. The abandonment by the wife did not, of course, dissolve the marriage relation, but it did completely absolve the stepfather from any legal duty to support the stepchildren. *Menefee v. Chesley*, 98 Iowa 55. It is also true that the return of the wife to the home of her son, with whom her former husband resided, did not restore the relationship of husband and wife, but it did create a situation from which a presumption so strong arose that the abandoned husband would not in the future in any way contribute to the support of the minor children—for which he was under neither legal nor moral obligation—as to overcome every reasonable probability that the children could be dependent upon him for any kind of assistance. The only probability that the deceased, had he lived, would have aided the minor children is that he might have been induced to do so temporarily, for sentimental reasons. The relation of affinity between the stepfather and the stepchildren created by his marriage with their mother had by her abandonment become a mere fiction, and the finding of the majority that the children were dependents, within the meaning of the Compensation Law, is wholly without support in the record. A proper application of the doctrine announced in the *Hoover* case would remove the presumption created by Section 1402.

I am authorized to say that Justices Faville and Albert concur in this dissent.