In re the MARRIAGE OF Robert W. JOHNSON and Roberta J. Johnson.

Upon the Petition of Robert W. Johnson, Appellant,

and Concerning Roberta J. Johnson, Appellee.

No. 83–825.

Supreme Court of Iowa.

June 13, 1984.

**200**

Byron J. Riley, Jr. and Gregory T. Seyfer of Bradley and Riley, Cedar Rapids, for appellant.

James W. Affeldt of Eells, Blackstock, Affeldt & Harms, Cedar Rapids, for appellee.

Considered by McCORMICK, P.J., and McGIVERIN, LARSON, SCHULTZ and WOLLE, JJ.

McCORMICK, Justice.

We granted further review of a court of appeals decision modifying the property division in a decree dissolving the marriage of Robert W. and Roberta J. Johnson. The trial court considered an oral agreement of the parties, but the court of appeals refused to do so on the ground the agreement was not written. We vacate the court of appeals decision because we believe the property division ordered by the trial court was equitable. In addition, we modify the trial court decree to divide the personalty in the parties' lake cabin.

The parties were married in 1954 and the decree was entered in 1983. At the time of trial, Robert was 52 and Roberta was 49. They had two adult children. Robert was employed as a zoning official for Linn County with an annual salary of $29,172. Roberta worked for an accounting firm for an annual salary of $21,710. All of their assets were acquired during the marriage.

One of the points of contention that led to the dissolution concerned construction and remodeling projects undertaken by Robert in the parties' residence and lake cabin. In 1979 he started a project to remodel the residence and add an addition to it. He estimated the value of the home as $35,000 at the beginning of the project and as $32,000 at the time of trial, with the work approximately 75 percent complete. Construction and repair of the cabin was a long-term ongoing project, and considerable finishing work remained to be done on it. The trial court found the cabin had a value of $22,500.

When the parties agreed to separate in September 1981 they reached an agreement to divide their property which the trial court discussed as follows:

The parties separated in September of 1981 when [Roberta] moved to an apartment. At about that time they agreed that the home, cabin and personalty [were] worth approximately $60,000. Additionally, [Roberta] had some savings. [Robert] sought to continue with the remodeling [of] the home; however, the parties' financial position did not permit this to be accomplished as well as payment of some $15,000 to $20,000 to [Roberta] as an agreed upon partial property settlement of the parties.... A home improvement loan in the amount of $35,000 was obtained, and the homestead mortgaged. [Roberta] was to ultimately receive $15,000 to $20,000 from these proceeds; however, she has received only $1,200.

Giving weight to the trial court's findings, we make the same findings in our de novo review of the record.

The parties had placed the net proceeds of the post-separation mortgage in a bank savings account requiring both signatures

for withdrawal of funds. Accordingly both parties signed for the withdrawal of $1,200 by Roberta for her purchase of furniture. Without Roberta's knowledge or consent, however, Robert effected a telephonic transfer of the account balance to a checking account controlled by him, and he spent the funds. Although he testified that the funds were used in the residential remodeling project, the remodeling did not enhance the market value of the home and he estimated that another $12,000 would be required to complete the project. He thus spent $20,000 of the money that was to go to Roberta on the home, and the home was worth less than when he started. Furthermore he was not in a position to pay Roberta an additional $10,000 he had promised her.

Under this record the trial court deemed it equitable to make the following property division:

ASSETS

| Robert | | Roberta | |
|---|---|---|---|
| Homestead | $32,000.00 | Lake Delhi Cabin | $22,500.00 |
| 1979 Honda | 4,225.00 | Pension Plan | 15,741.00 |
| Boat | 2,687.00 | 1979 Lincoln | 8,050.00 |
| Snowmobile | 500.00 | Checking Account Peoples Bank | 804.00 |
| IPERS Pension Plan | 10,691.00 | Savings Account Peoples Bank | 2,891.00 |
| Checking Accounting Peoples Bank | 15.10 | Furniture | 1,000.00 |
| Checking Account Metco Credit Union | 10.07 | | |
| Furniture | 1,000.00 | | |
| TOTAL | $51,128.17 | TOTAL | $50,986.00 |

DEBTS

| Robert | | Roberta | |
|---|---|---|---|
| Mortgage on Residence to Perpetual Savings & Loan Association | $35,000.00 | Doyle Construction Co. for remodeling at cabin | $ 2,500.00 |
| Real Estate Taxes residence | 628.00 | Real Estate Taxes cabin | 261.45 |
| Peoples Bank | 3,245.00 | | |
| Doyle Construction Co. for remodeling at cabin | 3,490.00 | | |
| TOTAL | $42,363.00 | TOTAL | $ 2,761.45 |

NET ASSETS

| | | | |
|---|---|---|---|
| TOTAL | $ 8,765.17 | TOTAL | $48,224.55 |

The court of appeals changed the property division to give Robert the cabin and responsibility for the debts associated with it. Robert thus would receive net assets of $28,503.72, and Roberta would receive net assets of $28,486.00.

■ In defending the court of appeals decision Robert relies in part on Iowa Code section 598.21(1)(k) (1983), which includes among factors that must be considered in making an equitable property division "[a]ny written agreement made by the parties concerning property distribution." He argues that this provision precludes consideration of the alleged agreement in this case because it was not written.

We believe Robert has taken an unwarranted and narrow view of the criteria listed in section 598.21(1). The statute makes it mandatory to consider all of the enumerated factors, including any written agreement, but the list does not purport to be exclusive. In addition to the factors that are specifically identified, the court is re-

quired in section 598.21(1)(m) to consider "[o]ther factors the court may determine to be relevant in an individual case." Thus the court is to consider in an individual case such additional factors as the court in its discretion deems relevant. It is mandatory for the court to consider the listed factors and discretionary for it to consider others.

In this case the trial court determined that the oral agreement was relevant to an equitable property division, and we cannot say the court's discretion was abused. The evidence showed more than an oral agreement. It showed that the steps taken by the parties to implement the agreement permitted Robert to obtain control and dispose of marital assets that should have been preserved for equitable division.

 Robert's former view of what was equitable was relevant. *See In re Marriage of McFarland,* 239 N.W.2d 175, 179 (Iowa 1976). Moreover, the court could not fairly ignore the circumstances surrounding the $35,000 mortgage and Robert's unauthorized disposition of the balance of the proceeds. *See Heckman v. Heckman,* 235 Ind. 472, 482, 134 N.E.2d 695, 700 (1956). Robert's post-separation spending made it impossible for the court to divide the property in the manner agreed upon by the parties, but the court was justified in making a property division that was consistent with their understanding. Indeed, even if the parties had not made an agreement, the court could not ignore Robert's unilateral post-separation disposition of marital assets.

In the circumstances of this case, we believe the trial court's property division was equitable. We therefore vacate the court of appeals decision and affirm the property division in the decree.

We must also clarify the decree, however, to allocate the parties' personal property in the cabin. We modify the decree to award Robert all of his personal effects in the cabin, all personalty in the cabin purchased by him subsequent to September 1, 1981, all items which were gifts to him, all fishing, skiing, boating and recreational equipment at the cabin, his beer dispenser and related equipment, and his tools. All other personal property in the cabin, including the remainder of the appliances and furniture, is awarded to Roberta. As modified, the decree is affirmed.

DECISION OF COURT OF APPEALS VACATED; DECREE OF DISTRICT COURT MODIFIED AND AFFIRMED.