**In re the MARRIAGE OF Linda Lou BURGESS and James Edward Burgess.**

**Upon the Petition of**

**Linda Lou Burgess, Appellee,**

**And Concerning James Edward Burgess, Appellant.**

**No. 96–1373.**

Court of Appeals of Iowa.

June 26, 1997.

Roger J. Kuhle of the Law Office of Roger J. Kuhle, P.C., West Des Moines, for appellant.

G. Stephen Walters of Jordan, Oliver & Walters, P.C., Winterset, for appellee.

Heard by HABHAB, C.J., and CADY, and VOGEL, JJ.

CADY, Judge.

James Burgess appeals from the division of property provisions of a decree for dissolution of marriage. We find the property division was inequitable and modify the district court decree.

Linda and James Burgess were married in 1983. Linda had two children from a prior marriage and James had four children from two prior marriages. Linda was the custodial parent of her children. They lived with Linda and James after the marriage. James was a noncustodial parent and was required under a dissolution decree to pay monthly child support of $175. He was also required to pay monthly alimony of $150 to his second wife. Linda was entitled to receive monthly child support under her prior dissolution decree, but was not receiving it at the time of the marriage. She only sporadically received child support during the marriage, until the last two years when she began to receive it on a regular basis.

Linda and James both worked outside the home during the marriage. They pooled their incomes and maintained a joint checking account.

Evidence was presented at the dissolution hearing that James paid $36,950 in spousal support and child support obligations from his prior marriages while married to Linda. He also paid $1,500 for a debt incurred on a house he had purchased with his second wife. Evidence was also presented that the expenses for Linda's two children were paid from the parties' joint account.

The trial court entered a decree dividing the parties' property. It considered one-half of the $38,450 James paid during the marriage as a result of the obligations from his prior marriages as a form of a set-off because Linda was not individually responsible for the obligations and the payments reduced the value of the assets which would have otherwise been available to the parties for distribution. The trial court relied primarily on Iowa Code section 597.17, which provides a spouse is not liable for the debt of the other spouse incurred prior to the marriage. Iowa Code § 597.17 (1995). On the other hand, it determined James was not entitled to a corresponding set-off or credit for his financial contributions to Linda's children. See Iowa Code § 597.14; *Menefee v. Chesley*, 98 Iowa 55, 66 N.W. 1038 (1896) (husband responsible for expenses of stepchildren while living together as a family).

James appeals. He argues the district court improperly considered the payments he made pursuant to his prior dissolution decrees in dividing the property. He also argues he was not awarded his gifted and inherited property. Finally, he asserts Linda should have been removed as his survivor annuitant on the pension he was awarded.

Our review is de novo. Iowa R.App. P. 4. In dividing property in a dissolution of marriage, we consider a host of specific factors generally codified in Iowa Code section 598.21(1). *In re Marriage of Miller*, 552 N.W.2d 460, 463 (Iowa App.1996). Yet, any relevant factor may be considered. Iowa Code § 598.21(1)(m). The objective is to divide the property in a fair and equitable manner. *Id.*

We have previously determined that some conduct of a spouse which results in the loss or disposal of property otherwise subject to division at the time of divorce may be considered in making an equitable division of property. *See In re Marriage of Johnson*, 350 N.W.2d 199, 202 (Iowa 1984); *In re Marriage of Williams*, 421 N.W.2d 160, 164 (Iowa App.1988). Moreover, we recognize that dissipation or waste of marital assets by a spouse prior to the dissolution of marriage may generally be considered in making a property division. *See* Lee R.Russ, Annotation, *Spouse's Dissipation of Marital Assets Prior to Divorce as Factor in Divorce Court's Determination of Property Division*, 41 A.L.R.4th 416 (1985). However, we

choose not to start down the path suggested by Linda in this case.

We do not believe the focus should be whether or not a spouse is personally responsible for a debt incurred by the other spouse, but whether the payment of the obligation was a reasonable and expected aspect of the particular marriage. Here, Linda was aware James had financial obligations from his prior marriages before marrying him. She knew of the expenditures and knew they would be part of her marriage. She acquiesced to the obligations throughout the marriage. Under the circumstances, it would be inequitable to conclude Linda was entitled to any form of set-off. *See Rosenfeld v. Rosenfeld,* 597 So.2d 835, 837 (Fla. DCA 3 Dist.1992).

We agree with James the district court erred in dividing the property by considering his court-ordered obligations from his prior marriages. The depletion of marital assets by a spouse to satisfy this obligation is not a relevant factor to consider in dividing the property.

Accordingly, we modify the property award to divide the ITT Hartford IRA evenly between the parties. This removes any consideration of court-order obligations paid by James and results in an equitable distribution of all the property under all the remaining circumstances. We also modify the decree to permit James to remove Linda as his survivor annuitant on his pension.

In conclusion, we have considered all issues raised by the parties. We modify the district court decree as provided in this opinion and remand to the district court for the entry of a qualified domestic relations order to divide the ITT Hartford IRA. We deny the request for appellate attorney fees. Costs divided equally between the parties.

**AFFIRMED AS MODIFIED AND REMANDED.**